993 F.2d 1537
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E. L. MASON, Plaintiff-Appellant,
v.
GRIER & GRIER, P.A.; Joseph W. Grier, Jr.; Richard
Robertson; Parker, Poe, Adams & Bernstein, P.A.; Irvin W.
Hankins, III; Regina J. Wheeler; Melissa L. Trippe,
Assistant Attorney General; Zebulon v. Smith, Jr.; Robert
M. Burroughs; Richard Bonner; Robert P. Johnston, Judge;
Martha Curran, Clerk of Superior Court, Mecklenburg County;
Cynthia Williams, Assistant Clerk of Court, Mecklenburg
County; Kathy Allen, Assistant Clerk of Court, Mecklenburg
County, Defendants-Appellees.
In Re: E. L. Mason, Appellant.
 Nos. 92-2343, 92-2344.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 24, 1993
Decided: May 21, 1993
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-92-219-3-P, MISC-92-52-3-P)
 E. L. Mason, Appellant Pro Se. Regina Jay Wheeler, Irvin White Hankins, III, PARKER, POE, ADAMS & BERNSTEIN, Charlotte, North Carolina; Alexander McClure Peters, Melissa Lou Trippe, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina; Richard Lee Robertson, GRIER & GRIER, P.A., Charlotte, North Carolina, for Appellees.
 W.D.N.C.
 NO. 92-2343 AFFIRMED IN PART AND DISMISSED IN PART AND NO. 2344 DISMISSED.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 These consolidated cases arise from the dissatisfaction of Edwin Lowell Mason with the manner in which the estate of Mason's father has been handled. Edwin's quests for vindication in the North Carolina state courts were unsuccessful; undaunted, he filed suit in federal court. Through that lawsuit, Mason hoped to obtain review of various state court decisions. The district court dismissed the action because, under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the court was without jurisdiction to review the final judgments of the state court.
 
 
 2
 Mason noted an appeal from that dismissal; he simultaneously filed a timely Fed. R. Civ. P. 59 motion for reconsideration, which the court denied on August 17, 1992. On August 19, 1992, the district court entered an order denying Mason's motion for double attorney's fees and enjoining Mason from filing any further documents in the action. On August 26, 1992, the Court granted the motion of Southern National Bank (the Bank) to quash a subpoena from Mason demanding an accounting of a trust set up for his mother and denied the Bank's motion for sanctions. On September 10, 1992, the Court granted the motion of Defendants Robertson and Grier to quash a subpoena from Mason. After the district court had ruled on these motions, Mason moved on September 17, 1992, to proceed in forma pauperis on appeal. We construe this motion as a notice of appeal (No. 92-2343). In the notice, Mason referenced all orders issued by the district court as those he wished to appeal.
 
 
 3
 We affirm in part and dismiss in part the district court's decision in No. 92-2343. We note first that the propriety of the district court's decision to dismiss the underlying matter under Feldman is not before us. Mason's timely Rule 59 motion invalidated the notice of appeal filed at the same time the motion was filed. Fed. R. App. P. 4(a)(1). The district court denied the Rule 59 motion on August 17, 1992. Mason noted his appeal on September 17, 1992, outside the thirty-day period established by Fed. R. App. P. 4(a)(1), and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5). This Court thus is without jurisdiction to consider the merits of the dismissal under Feldman. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Therefore, we dismiss the appeal as to the underlying dismissal as untimely. Instead, it is the court's orders entered on August 19, August 26, and September 10 that are before us.
 
 
 4
 In light of Mason's persistent filing of frivolous pleadings in this matter and because the matter was finished (with the exception of filing the notice of appeal and related documents, which the district court allowed), we find that the injunction against further filing was not an abuse of discretion. In light of Mason's not having prevailed in district court, the denial of double costs was not an abuse of discretion. Finally, there was no abuse of discretion in the court's other orders granting the motions to quash and denying the Bank's request for sanctions. We accordingly affirm the decision of the district court as to these motions.
 
 
 5
 The appeal in No. 92-2344 arises from a matter brought by the district court sua sponte. On August 3, 1992, the court entered an order scheduling a hearing for September 15, 1992, at which time Mason was to show cause why he should not be enjoined from further filings in the Western District of North Carolina. The court recited Mason's repeated lawsuits in state court and referenced two related federal lawsuits.
 
 
 6
 In reply, Mason stated that the order was a "frivolous attempt to intimidate this party," advised the court that it could not hold the hearing at the scheduled time because the courthouse would be closed then, and informed the court that cases it relied upon in entering the order were irrelevant. Mason also demanded that the district judge show cause why he should not be disqualified. On August 17, 1992, the court advised Mason that he was not relieved of his obligation to appear at the scheduled time. The court also denied the disqualification motion.
 
 
 7
 A hearing was held as scheduled on September 15; however, Mason did not appear. On September 17, Mason filed the previously referenced motion to appeal in forma pauperis, identifying all district court orders as those he wished to appeal. As of October 20, Mason had not explained his failure to appear. On October 20, the district court entered an order enjoining further filings in that court without the consent of the court or except as necessary to perfect an appeal. A $500 sanction for failure to appear also was imposed. Mason did not appeal that decision.
 
 
 8
 The September 17 notice of appeal is untimely with respect to the August 17 order.* Mason noted this appeal outside the thirty-day appeal period established by Fed. R. App. P. 4(a)(1), and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5). The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. at 264 (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal in No. 92-2344.
 
 
 9
 Mason's several motions to expedite consideration of these appeals is denied. His motion to add additional parties is denied. The motion for declaratory judgment is denied, as are Mason's motion for ancillary action, his directed motion, and his remaining general motions.
 
 
 10
 We grant leave to proceed in forma pauperis in these appeals and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 No. 92-2343, AFFIRMED IN PART, DISMISSED IN PART No. 92-2344, DISMISSED
 
 
 
 *
 Further, because the notice of appeal was filed before entry of the October 20 order, the notice has no effect with respect to that order